IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AL HAYY HASAN,** | : | |
| | : | |
| Petitioner | : | **CIVIL NO. 1:CV-08-1242** |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| **T.R. SNIEZEK,** | : | |
| | : | |
| Respondent | : | |

## **M E M O R A N D U M**

Petitioner Al Hayy Hasan ("Hasan"), an inmate currently incarcerated at the Federal Correctional Institution at Schuylkill, in Minersville, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his conviction in the United States District Court for the Eastern District of Pennsylvania. (Doc. 1.)  Hasan proceeds *pro se* and has filed an application to proceed *in forma pauperis*.  (Doc. 4.)  This matter is before the court for screening.  *See* 28 U.S.C. § 2243.  For the reasons that follow, the petition will be dismissed for lack of jurisdiction.

**I.    Background**

In his petition, Hasan states that in February 2007 he pleaded guilty to one (1) count of bank fraud, *see* 18 U.S.C. § 1344, in the United States District Court for the

Eastern District of Pennsylvania. (Doc. 1 at 2.) The district court sentenced him to a term of imprisonment of sixty (60) months on April 2, 2008. (*Id*.)

Hasan did not file a direct appeal. Further, Hasan has not filed any petitions challenging his conviction or sentence pursuant to 28 U.S.C. § 2255. On July 1, 2008, Hasan filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his guilty plea and sentence and claiming that his counsel was ineffective. (*See id*. at 6.) Hasan does assert that he filed in the Eastern District court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, which was denied. (*Id*. at 3.) Hasan's appeal to the United States Court of Appeals for the Third Circuit was denied on May 28, 2008. (*Id*. at 3.)

## II. <u>Discussion</u>

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions through Rule 1(b)). *See, e.g.*, *Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides, in pertinent part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to

notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970). The *Allen* court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." *Id*.

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement," including a challenge to the validity of a conviction or to a sentence, is a motion filed under 28 U.S.C. § 2255. *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). *See also United States v. Miller*, 197 F.3d 644, 648 n.2 (3d Cir. 1999); *Snead v. Warden, F.C.I. Allenwood*, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000). The § 2255 motion must be filed in the district court where the defendant was convicted and sentenced. *See* 28 U.S.C. § 2255 ¶ 5 (the motion must be filed in "the court which sentenced him").

A defendant can pursue a § 2241 petition only when he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 ¶ 5; *see also United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000). The inadequacy or ineffectiveness must be "a limitation of scope or procedure

. . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not the personal inability to utilize it, that is determinative." *Cradle*, 290 F.3d at 538 (citing *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986)). Hence, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle*, 290 F.3d at 539. If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971).

In the instant case, Hasan challenges the legality of his detention. Specifically, he contends that his 2007 guilty plea is invalid because he was not permitted to withdraw the plea prior to sentencing and after he had been given a "discovery" document indicating that his conduct did not constitute bank fraud. (Doc. 1 at 6.) He also claims that his conviction is invalid because the prosecution failed to disclose evidence favorable to the defense. (*Id*.) He also asserts that the district court lacked

4

jurisdiction because he never committed the bank fraud, and his counsel was ineffective for waiving jurisdiction. (*Id*.) In making these claims, however, Hasan does not assert that he first sought relief in the sentencing court. In fact, Hasan states that he has not previously filed any petitions, applications, or motions with respect to his conviction and sentence other than filing the § 2241 petition in the Eastern District court which was denied. (*Id*. at 3.)

Clearly, Hasan has not demonstrated that the remedy under § 2255 would be inadequate or ineffective to test the legality of his detention. He did not file a direct appeal or a § 2255 motion in the sentencing court. Further, the remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Consequently, the court will dismiss this § 2241 petition for lack of jurisdiction.

Of course, dismissal has no effect on Hasan's right to file a § 2255 motion in the Eastern District of Pennsylvania. As noted above, there is no jurisdictional bar to such a motion. Further, § 2255 imposes a one-year statute of limitations on § 2255 motions. 28 U.S.C. § 2255(f). In pertinent part, the limitations period begins to run from "the date on which the judgment of conviction becomes final." *Id*. Therefore,

Hasan has one year from the date on which his conviction was final in order to file a § 2255 motion in the sentencing court.

## III. Conclusion

Based on the foregoing discussion, Hasan's petition for writ of habeas corpus pursuant to § 2241 will be dismissed for lack of jurisdiction.

An appropriate order will issue.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated:  August 12, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AL HAYY HASAN,** | : | |
| | : | |
| Petitioner | : | **CIVIL NO. 1:CV-08-1242** |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| **T.R. SNIEZEK,** | : | |
| | : | |
| Respondent | : | |

## O R D E R

AND NOW, this 12th day of August, 2008, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion for leave to proceed *in forma pauperis* (Doc. 4) is GRANTED for the sole purpose of filing the petition.

2. The petition for writ of habeas corpus (Doc. 1) is DISMISSED for lack of jurisdiction.

3. The Clerk of Court is directed to CLOSE this case.

                                                              s/Sylvia H. Rambo
                                                              SYLVIA H. RAMBO
                                                           United States District Judge